UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRUSTEES OF THE NEW ENGLAND
CARPENTERS HEALTH BENEFITS FUND,
TRUSTEES OF THE NEW ENGLAND
CARPENTERS PENSION FUND and
TRUSTEES OF THE SOUTHERN NEW ENGLAND
CARPENTERS ANNUITY FUND

    Plaintiffs             Civil Action No.

V.                                   Date: October 29, 2018

**ORION MANUFACTURING, LLC**

    Defendant

## COMPLAINT

Plaintiffs, by their attorneys, Gould Killian LLP, complaining of the Defendant, allege as follows:

## PARTIES

1. Plaintiffs are the duly appointed Trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds").

2. The Funds are "employee benefit plans" within the meaning of Section 3(3) of The Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1002(3), and are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

3. The defendant, Orion Manufacturing, LLC (hereinafter "Orion") is a Connecticut limited liability company maintaining offices and conducting business at 800 Flanders Road,

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

Building 4, Mystic, Connecticut.  Orion is an "employer in an industry affecting commerce" pursuant to ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14).

## JURISDICTION AND VENUE

4. This is an action brought by the trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds") to enforce the terms of the Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145.  This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).  Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred on this Court.

5. The Pension Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated February 25, 1968, as amended, which Declaration of Trust is presently in effect.  The Annuity Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated April 1, 1979, which Declaration of Trust is presently in effect.  The Health Fund is created, maintained and regulated by the terms of a certain Declaration of Trust dated September 1, 1969, which Declaration is presently in effect.

6. The Connecticut operations of the Funds are administered in Connecticut.  The defendant is located in Connecticut, and the breach occurred in Connecticut.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides:

(2) Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

7. ORION MANUFACTURING, LLC performs contracting or subcontracting work in the carpentry industry in the State of Connecticut and employs or has employed members of the United Brotherhood of Carpenters and Joiners of America and its affiliated local unions ("Union"), or nonmembers working in covered employment.

## CAUSE OF ACTION

**COUNT ONE** – **Breach of Collective Bargaining Agreement and Failure to make benefit contributions pursuant to ERISA**

8. Orion, acting by and through its authorized agent or officer, executed a collective bargaining agreement ("Agreement") with the New England Regional Council of Carpenters.

9. Pursuant to the Agreement, Orion agreed to make certain payments to the Funds maintained on behalf of employees performing carpentry work in covered employment.

10. Orion agreed to be bound by the foregoing document and to make certain contributions to the Funds.

11. Under the terms of said contract and of the Declarations of Trust adopted by the Boards of Trustees of the Funds, Orion is also liable for a reasonable rate of interest on said delinquent contributions until paid, plus all costs of collection, including audit fees, attorney's fees and liquidated damages in the amount of twenty (20%) percent of the delinquent contributions.

12. Pursuant to an audit of Orion's payroll records, Orion is delinquent in contributions owed to the Funds in the amount of $68,742.61 for the time period of August 1, 2014 through October 1, 2017.

13. Due demand for the foregoing amount has been made upon Orion by counsel for the Funds, but to date the foregoing contributions, interest and liquidated damages due and owing to the Funds have not been paid.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

14. As a result of Orion's failure to meet its obligations under the terms of the collective bargaining agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Orion's failure to make contributions in accordance with the terms and conditions of the pertinent collective bargaining agreement.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

1. For a money judgment consisting of the following:

   a. For unpaid contributions due for the months of August 1, 2014 through October 1, 2017 in the amount of $68,742.61 (ERISA Section 502(g)(2)(A));

   b. For interest assessed on the delinquent contributions calculated from the date due through the date of judgement at the rate of 12 percent per annum pursuant to contract and ERISA Section 502(g)(2)(B));

   c. For liquidated damages assessed on the delinquent contributions at the rate of 20 percent pursuant to contract and ERISA Section 502(g)(2)(C);

2. For reasonable attorneys' fees and costs of this case pursuant to contract and ERISA Section 503(g)(2)(D);

3. That the Defendant be ordered to comply with its obligations to report and to contribute to the Funds during the pendency of this action;

4. Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting penalties thereon pursuant to ERISA.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

Dated at Hartford, Connecticut this 29th day of October, 2018.

PLAINTIFFS

By   /s/Nancy Gould
Nancy Gould
Fed. Bar No. CT 10567
Gould Killian LLP
280 Trumbull Street, 21st floor
Hartford, CT 06103
Phone: (860)278-1270
Fax: (860)244-9290
Email: ngould@gouldkillian.com

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

5